## CIRCUIT COURT OF THE CITY OF ALEXANDRIA

Commonwealth of Virginia

    v.

Funn

September 11, 1987

Case No. F-8757

By JUDGE ALFRED D. SWERSKY

This case is before the Court on Defendant's Motion for a new trial based on his claim that his trial counsel was ineffective within the meaning of the Fifth Amendment to the Constitution of the United States. Since this matter is now a possible error which can be raised on direct appeal (see Code of Virginia, § 19.2-318.1), the Court ordered a hearing and appointed additional counsel to furnish a full record of all claims relating to this issue.

I have reviewed the trial transcript, the evidence taken at the hearing on September 3, 1987, and the authorities referred to by counsel in argument. I am satisfied that Defendant's Motion must be granted.

It must appear from the transcript that a colorable claim of ineffective assistance of counsel exists before the Court will order such a hearing as was held in this case to provide a complete record of all claims. It is unusual for trial counsel to make such a claim and places the Commonwealth in the position of defending opposing counsel's performance at trial. Not a pleasant task for the prosecution but one necessitated by the statutory change allowing such claims to be directly appealed. For these reasons, the Court saw fit to appoint additional counsel for Defendant.

In making the determination that Defendant was denied the effective assistance of counsel, the Court has reviewed the entire record and not focused on any one matter raised by Defendant. There is a presumption that counsel's conduct is the product of reasonable trial strategy and the burden rests upon Defendant to overcome the presumption. *Strickland v. Washington*, 104 S. Ct. 2052 (1984). Such a rule presupposes the existence of a coherent trial strategy that would be the basis for the tactics used. In Funn's case, no such coherent strategy can be ascertained either in the record of the trial or in trial counsel's testimony. The Commonwealth argues that this was simply the defense counsel's way of forcing the Commonwealth to prove its case beyond a reasonable doubt, i.e., by simply arguing that "he didn't do it." Nowhere from the record can the Court discern what the trial defense was. There is some indication of consent as a defense as well as a denial that anything at all happened between the parties. The Defendant took the stand and was asked "Did you commit this crime?" He responded that he did not. On cross-examination, the Commonwealth limited its cross-examination to Defendant's two prior felony convictions. Thus nothing was presented to the jury by the Defendant's testimony, and they learned of his prior convictions of felonies. Even if this was simply a trial tactic, it would fall below the standard of care that a reasonably competent attorney in a criminal case would exercise. *See Stokes v. Warden*, 226 Va. 111 (1983).

In addition to the failure to present a coherent defense, no effort was made to impeach the credibility of the complaining witness. No investigation was made into her background, and counsel did not properly inquire of his own witnesses as to her reputation for truth and veracity (Tr. 160). The question asked of his witness as to the complaining witness's "reputation" was too broad in scope and lacked the proper foundation. However, once the objection was sustained, trial counsel abandoned any further effort to get such evidence properly before the Court. It cannot be said that this in and of itself is sufficient to constitute ineffective assistance since there is no indication as to what the witness would have said as the follow-up questions were never asked. It is,

however, a good indication of the tenor of the entire trial.

The presentation of the Defendant's case was fraught with problems, none of which counsel sought to correct. The witness, Tammy Macke, a relative of Complainant, gave testimony which could only be characterized as inculpating the Defendant. From her testimony about the lack of Complainant's drinking, to her testimony about knocking on Complainant's door and her conversation with Defendant to her testimony about the lack of hard feelings between Defendant and Complainant's family, it could be viewed as if Ms. Macke were a better witness for the Commonwealth than for the Defendant. Even if the putting on of such a witness could be a trial tactic, it is one which once again would fall below the standard of care expected in such cases. Even if trial counsel was surprised by the witness's testimony, his failure to attempt to impeach her is inexcusable. In the minds of the Jury, this could only have been a defense witness doing immense damage to the defense case. Any kind of impeachment even if not totally successful should have been attempted.

While the Court has tried to follow the commands of *Strickland* and its progeny to "eliminate the distorting effects of hindsight" and to "evaluate the conduct from counsel's perspective at the time" 104 S. Ct. at 265; *see also Dept. of Corrections v. Clark*, 227 Va. 525 (1984), the conclusion is compelled that Defendant has overcome the *Strickland* presumption and the Court finds that the errors complained of were not the product of a reasonable trial strategy.

The next issue to be addressed is whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on to have produced a just result. *Strickland*, *supra*, 104 S. Ct. at 2067; *Stokes*, *supra*, 226 Va. at 118. The Court recognizes that there may be cases where the evidence of Defendant's guilt is so overwhelming that counsel's performance, even if deficient, would not affect the outcome. In such cases, there may not even be the opportunity for counsel to formulate a coherent defense strategy, but this case is not one of them. Since the scientific evidence usually presented in such cases was inconclusive, the case was clearly one of a credibility contest between the Complainant and the

Defendant. Under such circumstances, the failure to investigate the background of Complainant, the failure to present a coherent defense, the presentation of Defendant's own case, and the manner in which Defendant testified in his own behalf create the sufficient prejudice to the Defendant to warrant the setting aside of the jury's verdict of May 7, 1987, and the awarding to the Defendant of a new trial.